NOT FOR PUBLICATION

In the

United States Court of Appeals

For the Eleventh Circuit

————————————————

No. 24-13506

Non-Argument Calendar

————————————————

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*versus*

ERIC RONDELL GABE,

a.k.a. Derrick Minor,

*Defendant-Appellant.*

————————————————

Appeal from the United States District Court
for the Southern District of Georgia
D.C. Docket No. 4:05-cr-00281-RSB-CLR-1

————————————————

Before NEWSOM, BRASHER, and ANDERSON, Circuit Judges.

PER CURIAM:

2                    Opinion of the Court              24-13506

Eric Gabe, a federal prisoner proceeding pro se, appeals the district court's denial of his second motion for compassionate release. He contends that the district court abused its discretion by finding that he did not meet his burden of showing extraordinary and compelling circumstances under U.S.S.G. § 1B1.13(b). In response, the government moves for summary affirmance, arguing that Gabe would still be sentenced as an armed career criminal today, his presidential pardon did not affect his other convictions, and the 18 U.S.S.C. § 3553(a) factors leaned against compassionate release.

Summary disposition is appropriate either where time is of the essence, such as "situations where important public policy issues are involved or those where rights delayed are rights denied," or where "the position of one of the parties is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case, or where, as is more frequently the case, the appeal is frivolous." *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969). A motion for summary affirmance postpones the due date for the filing of any remaining brief until this Court rules on the motion. 11th Cir. R. 31-1(c). "A claim is frivolous if it is without arguable merit either in law or fact." *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001). This Court has further noted that it may summarily affirm on "less meritorious" issues which "do not warrant discussion." *United States v. Paradies*, 98 F.3d 1266, 1277 n.13 (11th Cir. 1997).

"We review de novo whether a defendant is eligible for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A)." *United States v. Giron*, 15 F.4th 1343, 1345 (11th Cir. 2021). "After eligibility is established, we review a district court's denial of a prisoner's § 3582(c)(1)(A) motion for abuse of discretion." *Id.* "This standard of review . . . afford[s] district courts a range of choice," and we "cannot reverse just because we might have come to a different conclusion." *Id.* (quotation marks omitted). "A district court abuses its discretion if it applies an incorrect legal standard, follows improper procedures in making its determination, or makes clearly erroneous factual findings." *Id.*

Under Section 3582(c)(1)(A), "a district court may reduce a term of imprisonment if (1) the § 3553(a) sentencing factors favor doing so, (2) there are extraordinary and compelling reasons for doing so, and . . . (3) doing so wouldn't endanger any person or the community within the meaning of § 1B1.13's policy statement." *United States v. Tinker*, 14 F.4th 1234, 1237 (11th Cir. 2021). The policy statement provides that the defendant must not be "a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." U.S.S.G. § 1B1.13(a)(2).

Amongst the conditions that qualify as "extraordinary and compelling reasons," the Sentencing Guidelines state that the district court may find a sentence reduction is warranted if a defendant received an "unusually long sentence," has served at least ten years of that sentence, and a change in the law "(other than an

amendment to the Guidelines Manual that has not been made retroactive)" leads to a gross disparity between the sentence being served and the sentence that would likely be imposed at the time the motion is filed. U.S.S.G. § 1B1.13(b)(6).

We have explained that, "because the three findings required by § 3582(c)(1)(A) are all necessary conditions for the granting of compassionate release, the absence of even one would foreclose a sentence reduction." *Giron*, 15 F.4th at 1349 (quotation marks omitted). "Therefore, a district [court] may skip the consideration of one condition by assuming its existence and deny relief if it finds that at least one of the compassionate-release conditions was not satisfied." *Id.* (quotation marks omitted).

We hold pro se pleadings to a less stringent standard and liberally construe them. *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998). However, issues not raised in an initial brief are deemed abandoned and will not be addressed absent extraordinary circumstances. *United States v. Campbell*, 26 F.4th 860, 873 (11th Cir. 2022) (en banc). "To obtain reversal of a district court judgment that is based on multiple, independent grounds, [the appellant] must convince us that every stated ground for the judgment against him is incorrect." *United States v. Maher*, 955 F.3d 880, 885 (11th Cir. 2020) (quoted source omitted).

Under the Armed Career Criminal Act, § 924, any person who violates § 922(g) and has 3 previous convictions for a "violent felony" or a "serious drug offense," shall be imprisoned not less than 15 years. 18 U.S.C. § 924(e)(1); *see also* 18 U.S.C. § 922(g)(1)

(prohibiting from possessing firearms any person "who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year."). In § 924(e), the following terms are defined:

(A) the term "serious drug offense" means—

(i) an offense under the Controlled Substances Act (21 U.S.C. 801 et seq.), the Controlled Substances Import and Export Act (21 U.S.C. 951 et seq.), or chapter 705 of title 46 for which a maximum term of imprisonment of ten years or more is prescribed by law; or

(ii) an offense under State law, involving manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance (as defined in section 102 of the Controlled Substances Act (21 U.S.C. 802)), for which a maximum term of imprisonment of ten years or more is prescribed by law;

(B) the term "violent felony" means any crime punishable by imprisonment for a term exceeding one year, or any act of juvenile delinquency involving the use or carrying of a firearm, knife, or destructive device that would be punishable by imprisonment for such term if committed by an adult, that—

6                         Opinion of the Court                    24-13506

> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>
> (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another; and
>
> (C) the term "conviction" includes a finding that a person has committed an act of juvenile delinquency involving a violent felony.

18 U.S.C. § 924(e)(2); *see also* 21 U.S.C. § 802(58) (defining a "serious drug felony" as an offense for which "the offender served a term of imprisonment of more than 12 months" and "the offender's release from any term of imprisonment was within 15 years of the commencement of the instant offense").

> United States Sentencing Guideline § 5H1.1 stated:
>
> Age may be relevant in determining whether a departure is warranted.
>
> Age may be a reason to depart downward in a case in which the defendant is elderly and infirm and where a form of punishment such as home confinement might be equally efficient as and less costly than incarceration.

A downward departure also may be warranted due to the defendant's youthfulness at the time of the offense or prior offenses. Certain risk factors may affect a youthful individual's development into the mid-20's and contribute to involvement in criminal justice systems, including environment, adverse childhood experiences, substance use, lack of educational opportunities, and familial relationships. In addition, youthful individuals generally are more impulsive, risk-seeking, and susceptible to outside influence as their brains continue to develop into young adulthood. Youthful individuals also are more amenable to rehabilitation.

The age-crime curve, one of the most consistent findings in criminology, demonstrates that criminal behavior tends to decrease with age. Age-appropriate interventions and other protective factors may promote desistance from crime. Accordingly, in an appropriate case, the court may consider whether a form of punishment other than imprisonment might be sufficient to meet the purposes of sentencing.

Physical condition, which may be related to age, is addressed at §5H1.4 (Physical Condition, Including Drug or Alcohol Dependence or Abuse; Gambling Addiction).

U.S.S.G. § 5H1.1 (2024).  The guideline language was the result of Amendment 829, which was not listed as retroactive under U.S.S.G. § 1B1.10(d).  *Id.* (Amend. 829, 2024); U.S.S.G. § 1B1.10(d) (2024).  This provision was deleted from the 2025 Sentencing Guidelines Manual.  U.S.S.G. § 5H1.1 (2025).

As an initial matter, Gabe has abandoned any argument relating to his presidential pardon constituting a change in the law that renders his sentence "unusually long" because he fails to raise the issue in his initial brief. *See Tannenbaum*, 148 F.3d at 1263; *Campbell*, 26 F.4th at 873

Here, we grant the government's motion for summary affirmance because it is clearly right as a matter of law.  *See Groendyke Transp., Inc.*, 406 F.2d at 1162.  Even construing Gabe's assertions liberally, his challenges to the district court's finding that he failed to establish extraordinary and compelling circumstances are meritless. *See Tannenbaum*, 148 F.3d at 1263; *Tinker*, 14 F.4th at 1237.  He maintains that two of his prior convictions were not "serious drug felonies" under § 924(e)(2), but the term and definition he relies on are from a different statute.  *Compare* 18 U.S.C. § 924(e)(2) *with* 21 U.S.C. § 802(58).  The correct terms, "violent felony" and "serious drug offense," do not require a minimum amount of time actually served.  *See* 18 U.S.C. § 924(e)(2).  Gabe next cites to U.S.S.G. § 5H1.1, but that section is non-retroactive and has since been deleted.  *See* U.S.S.G. §§ 1B1.13(b)(6), 5H1.1 (Amend. 829, 2024), 5H1.1 (2025).  He then asserts that his conviction for possession with intent to distribute marijuana should not count as a § 924(e)

predicate.  However, even if this argument were successful, he fails to challenge at least three other predicate offenses described in the presentence investigation report.  *See* 18 U.S.C. §§ 922(g)(1), 924(e)(1).  Because an extraordinary and compelling reason was a necessary element, we need not address the § 3553(a) factors.  *See Maher*, 955 F.3d 880, 885.

Accordingly, we GRANT the government's motion for summary affirmance of the district court's denial of Gabe's motion for compassionate release.  *See Groendyke Transp., Inc.*, 406 F.2d at 1162.

**AFFIRMED.**